IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY-THOMAS CANDY CO.,

      **Plaintiff,**

v.

      Civil Action 2:24-cv-3938
      Judge Edmund A. Sargus, Jr.
      Magistrate Judge Kimberly A. Jolson

NESTLE USA, INC.,

      **Defendant.**

## OPINION AND ORDER

Before the Court is Defendant's Renewed Motion to File Exhibit Under Seal. (Doc. 12). For the following reasons, the Motion is **GRANTED in part**. Defendant is **ORDERED** to file Exhibit A under seal and a redacted version of Exhibit A consistent with this order to the public docket **within seven (7) days**.

**I.**      **BACKGROUND**

This action is a contract dispute between Plaintiff Anthony-Thomas Candy Co. ("Anthony-Thomas") and Defendant Nestlé USA, Inc. ("Nestlé"). (*See* Docs. 3 (Plaintiff's complaint alleging breach of contract, fraudulent inducement, and unjust enrichment), 4-1 (Defendant's counterclaims alleging breaches of contract, violation of Ohio's Uniform Trade Secrets Act, and unjust enrichment)). Relevant here, the Complaint alleges the parties entered into a "Contract Manufacturing and Packaging Agreement" that "contemplated Anthony-Thomas producing and packaging certain Nestlé food products for Nestlé, a copy of which is attached hereto as Exhibit A." (Doc. 3 at ¶ 4). This case was originally filed in the Franklin County Court of Common Pleas before Defendant removed it to federal court. (*See generally* Doc. 1).

Exhibit A to the Complaint, the Contract Manufacturing and Packaging Agreement, is the subject of the motion at bar. When Plaintiff filed this action in the Franklin County Court of Common Pleas, it attached Exhibit A to the Complaint. (*See* Doc. 1 at 46). So, the document was visible to the public. This act was seemingly the basis for two of Defendant's counterclaims (Doc. 4-1 at 7–9 (alleging a breach of contract and violation of the Ohio's Uniform Trade Secrets Act based on Plaintiff filing Exhibit A as an exhibit to the Complaint without seeking leave to file it under seal and without Defendant's written consent)). Defendant's counterclaim in turned spurred Plaintiff to file a motion to place the exhibit under seal in the Franklin County Court of Common Pleas, which that court granted. (Doc. 1 at 46–48).

Now, Defendant seeks to file Exhibit A under seal in this Court. (Doc. 12). It represents that Plaintiff does not oppose the motion. (*Id.* at 1). And it provided the Court a copy of Exhibit A for *in camera* review. This matter is ripe for review.

**II.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

2

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted).  "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted).  Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted).  If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc.*, 825 F.3d at 305).  The court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

### III. DISCUSSION

Defendant contends there is a compelling interest in sealing Exhibit A because it contains the parties' confidential and sensitive business information that is not otherwise known to the public. (Doc. 12 at 3).  It argues that Exhibit A, if left unsealed, would "would benefit future business partners in their negotiations with Nestlé and benefit competitors. (*Id.*).  Defendant also argues that equitable considerations weigh in favor of sealing Exhibit A as it "took reasonable steps to protect its trade

3

secrets. They may be disclosed to the public solely because Plaintiff instituted this action against it." (*Id.*). In reviewing the document *in camera*, the Court agrees that a compelling interest exists to seal at least some information contained in Exhibit A.

Exhibit A represents whole of the terms and conditions the parties agreed to pursuant to their desire that Plaintiff manufacture, produce, and package for Defendant certain food products. Defendant says the whole of Exhibit A is a trade secret. (Doc. 12 at 3–4). Trade secrets are a "recognized exception to the right of public access to judicial records," *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1180, and the existence of a trade secret generally satisfies the first "compelling interest" element in *Shane Group*. *See Kondash*, 767 F. App'x at 638. A trade secret in Ohio is "information" that "derives independent economic value . . . from not being generally known to . . . other persons who can obtain economic value from its disclosure or use" and that a party expends reasonable efforts to keep secret. *Handels Enters., Inc. v. Schulenberg*, 765 F. App'x 117, 122 (6th Cir. 2019) (quoting Ohio Rev. Code § 1333.61(D)). In Ohio, six non-dispositive factors are used to determine the existence of a trade secret:

> (1) The extent to which the information is known outside the business; (2) the extent to which it is known to those inside the business . . .; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information.

*Kondash*, 767 F. App'x at 638–39 (quoting *Heartland Home Fin., Inc. v. Allied Home Mortg. Capital Corp.*, 258 F. App'x 860, 861–62 (6th Cir. 2008) (internal quotation omitted)).

As to the first and the third factors, though not dispositive to the question of sealing, Exhibit A contains a confidentiality clause. This implies that Exhibit A is not generally known outside of the parties, and the parties have made efforts to guard the information contained in it. Defendant also

broadly gestures at the fourth factor, the savings effected and value to the holder in having the information as against competitors. Particularly, it says "[p]otential business partners would have insight into terms Nestlé was willing to accept. Competitors would also have insight into Nestlé's negotiations and structure of its agreements, putting them at an advantage if vying for the same opportunities." (Doc. 12 at 3). But this last argument lacks specificity as to the savings effected and the value of this information to Defendant as against those competitors. *See Ewalt v. GateHouse Media Ohio Holding II, Inc.*, No. 2:19-CV-4262, 2022 WL 1080772 (S.D. Ohio Apr. 11, 2022) (finding a defendant did not meet its burden to show a compelling reason existed to seal information when it did not describe how it derived independent economic value from the alleged trade secret). Nor does Defendant address the other *Kondash* factors. Simply put, Defendant has not met its burden to allow the Court to conclude that it is attempting to protect a trade secret.

Still, even if Exhibit A is not wholly a trade secret, Defendant can establish a compelling reason that its confidential business information should be protected. Protecting business information that Defendant's competitors could use to its disadvantage is a compelling reason to seal or redact information from the public docket. *See, e.g.*, *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-CV-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (finding that market share data, sales trends and analysis, customer preferences, confidential agreements, pricing strategy, and marketing strategy should be redacted as public disclosure would allow competitors to have an inside look into the plaintiff's business strategies); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) ("[P]rotecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings."); *Olymbec USA, LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:19-CV-1041, 2021 WL 640452, at *2 (S.D. Ohio Feb. 11, 2021) (allowing a defendant to seal a

master service agreement in part because it contained business terms and strategy information). This is not an easy standard to meet; the moving party must show that disclosure would "seriously harm its competitive standing." *United States ex rel. Scott v. Humana Inc.*, No. 3:18-CV-00061-GNS-CHL, 2021 WL 4449277, at *4 (W.D. Ky. Sept. 28, 2021) ("Humana has a compelling interest in concealing business information that can be used to seriously harm its competitive standing."). The Court finds Defendant has done enough to the extent it seeks to redact information which could give its competitors insight into the negotiated terms of this agreement.

Yet in this case, any compelling interest goes hand and hand with the third *Shane Group* consideration—whether the request is narrowly tailored. Defendant advocates for wholesale sealing of Exhibit A because "the entirety of Exhibit A [constitutes] its trade secrets because it reflects Nestlé's business terms and contracting strategy." (Doc. 12 at 4–5). But in the event the Court does not agree, Defendant requests leave to redact certain sections that "were the product of negotiations between the parties." (*Id.*).

As support for wholesale sealing, Defendant argues, the very "existence of Nestlé's business relationship with Plaintiff was confidential" as demonstrated by the confidentiality clause in the agreement. (*Id.* at 5). However, in other circumstances, courts have said confidentiality provisions or agreements do not justify sealing documents in litigation. *See, e.g.*, *Alpha Insulation & Water Proofing, Inc. v. Hamilton*, No. 2:20-CV-5938, 2020 WL 11885827, at *1 (S.D. Ohio Nov. 25, 2020) (holding a confidentiality provision in a severance agreement does not constitute a compelling reason to file under seal); *Schnatter v. 247 Grp., LLC*, No. 3:20-CV-00003-BJB-CHL, 2024 WL 3165317, at *2 (W.D. Ky. June 25, 2024) (collecting cases for the notion that "[c]onfidentiality agreements entered in connection with arbitration proceedings do not automatically justify sealing documents in litigation"); *Schmalenberg v. Dysphagia Mgmt. Sys.*, LLC, No. 1:18-CV-99, 2019 WL 978472, at *2 (S.D. Ohio

Feb. 28, 2019) (collecting cases for the notion that an FLSA settlement agreement's confidentiality clause does not "overcome the presumption of public access to judicial records" (internal quotation marks and citation omitted)); *but see Proctor & Gamble Co.*, 2017 WL 3537195, *3 (allowing the redaction of a brief's citations to "confidential agreements" but providing no details about what those agreements were).

More to the point, while Exhibit A contains provisions specifically negotiated by the parties (*see* Doc. 12 at 4 (listing sections that "were the product of negotiations between the parties"), it also contains provisions likely standard to a contract of this nature (*see, e.g.*, Part 9. Compliance (containing various provisions about the parties' duties to comply with federal and state laws)). And Defendant ultimately does not provide much specificity about why the latter type of provisions reflect its "business terms and contracting strategy." (Doc. 12 at 4). So, on Defendant's Motion, wholesale sealing is not narrowly tailored. *See Schnatter v. 247 Grp., LLC*, No. 3:20-CV-3-JRW-CHL, 2020 WL 3066622, at *2 (W.D. Ky. June 9, 2020) ("[T]he Court finds a compelling reason to seal only the parts of these documents that contain sensitive commercial information regarding pricing, strategy, and competitors which would cause significant competitive harm to Defendants in the marketplace if disclosed."). The better route is to seal those provisions "of particular concern" identified by Defendant that "were the product of negotiations between parties." (Doc. 12 at 4).

Even if a compelling interest exists, the public's interest in access to court records may outweigh it still. *See Shane Grp.*, 825 F.3d at 307. "The presumption in favor of public access is strong when public safety is implicated." *Kondash*, 767 F. App'x at 637. "This is particularly true in class actions, where, because of the interest of a broader public outside of the named parties, the standards for overcoming the presumption of openness 'should be applied [...] with particular strictness.'" *Id.* (quoting *Shane Group*, 825 F.3d at 305). This case involves a private contract dispute between two

parties that does not implicate either of these concerns. Additionally, as Defendant does not seek to seal anything but Exhibit A, the public should be able to glean the information necessary to understand this case from the pleadings and other future filings. In short, the Court agrees with Defendant that the public's interest in particular sections of Exhibit A does not overcome the compelling interest in keeping them sealed.

Accordingly, the Court finds redacting the following sections of Exhibit A is justified: §1.12.3 and 5.6.1 (allocation of risk), §2.1 (product procurement), §3.2.1 and 3.2.2 (schedules); §3.5 and 3.6 (purchase procedures), §3.7 (production procedures), §5.3 (fees), §14.1 (the term of the agreement), §14.4 (termination procedures), §16.1, 16.1.1, and 16.1.2 (insurance requirements), the table on Ex. I on page 26 (identification of the product), and Ex. IV, I.A.1.a on page 30 (costs provisions). The Court **GRANTS in part** Defendant's Motion and grants it leave to file Exhibit A under seal **within seven (7) days**. However also **within seven (7) days**, Defendant is **ORDERED** to file a redacted version of Exhibit A consistent with this Order to the public docket.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Renewed Motion to File Exhibit Under Seal is **GRANTED in part**. (Doc. 12). Defendant is **ORDERED** to file Exhibit A under seal and a redacted version of Exhibit A consistent with this order to the public docket **within seven (7) days**.

IT IS SO ORDERED.

Date: October 10, 2024                    /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE